Judge Owsley
delivered the opinion of the court.*
This is a contest under adverse interfering land claims.
By a decree of the circuit court, the appellee’s entry was sustained, and the appellants compelled to surrender their title, derived through the elder grant emanating under an entry also of elder date to that under which the appellees claim.
The appellee’s entry is as follows, viz:
"April 15, 1789—Isaac Hite enters 1163 3/4 acres of land, “on the waters of Beargrass, beginning at a poplar, ash and “red-oak, the south east corner of Abraham Hite’s settle-“ment, assignee of Ben. and Hannah Linn, and running “with a line thereof, and the line of his pre-emption north, “along a marked line to a red-oak, hickory and beech cor-“ner, to a survey made by James F. Moore; thence with ”his line north, 37 west, to his corner in Southal and Charl-"ton’s line; thence with their marked line south, 53 west, “to their corner, elm, ash, and two white-oaks; thence to “the south east corner of Boyd’s 1000 acre survey, being “four ash trees; thence south, 53 west, with his line to the “corner of John May’s 350 acre survey, elm and two beech-“es; thence with his line south, 37 east, and the course “continued until a line run east from the end thereof, and a “line from the beginning running south from the beginning “will include the quantity.”
By the delineation of lines and corners of surveys, the connected plat, made out in this cause, exhibits an area upon which the appellee’s survey was made perfectly adapted to the calls of the entry; and assuming the exhibits and evidence, read on the hearing in the circuit court, to have been correctly used, the entry is not only thereby shewn to be valid, but the appellee’s title thereto is moreover unquestionably established.
For by the copies of surveys and patents exhibited in the record, the surveys called for in the entry, is not only proven to have been made before the date of the entry, but the evidence proves incontestably that from the notoriety of part of those surveys, and the marked boundary of all, a subsequent locator, desirous of appropriating the adjacent *172 residuum, could have had no reasonable difficulty in ascertaining the land contained in the entry.
That copies of entries, surveys, &c are not authenticated by the proper person, cannot be asserted for the first time at the trial; having been filed for some time, they should have been contested in the usual made by deposition.
But it is contended that those depositions, to which exceptions were taken by the appellants on the hearing in that court, should not only have been excluded, but that the evidence then offered by them to prove the copies of entries and patents, previously filed by the appellees, were not made out or certified by a person possessing competent authority, should nave been admitted.
Whether, however, part of those depositions should have been excluded, need not now be determined; for were all but that of Breckenridge thrown out of the cause, we should nevertheless be of opinion that a sufficiency remains to illustrate the validity of the entry.
And as to the deposition of Breckenridge, there is not the slightest pretext for the exception taken, either on account of no order of court having been previously obtained, or the failure to give notice: for as the appellant’s answers were not all filed, the cause was clearly in an attitude which authorised the taking depositions on the part of the appellees, who were complainants in the court below, without a special order for that purpose; and the record exhibits unquestionable evidence of regular notice having been given.
And with respect to the decision of the court in excluding the evidence attempted to be introduced, on the hearing, to prove the copies were not made out by the proper authority, no error is perceived.
As those copies purport to have been made out and certified by the register, they were, no doubt, competent evidence without the aid of extraneous proof. The appellees, therefore, cannot be presumed to have been prepared with witnesses on the hearing of the cause to prove their authenticity. He cannot be supposed even to have apprehended their authenticity would be questioned.
Their legal import might, no doubt, have been avoided by evidence, regularly introduced, of their not having been made out and certified by a person possessing proper authority, but as the adverse party should have an opportunity of repelling such evidence, it should have been made out by depositions taken in the usual and ordinary mode, and not by the introduction of witnesses on the hearing.
If, then, we are correct in supposing the appellees’ entry are efficiently established, it results that the court did right in decreeing a surrender of the elder title of the appellants. *173 For although they assert the superior equity under an adverse entry of elder date to that of the appellees, from the total absence of proof in relation to several of the locative calls, it is impossible the entry can be sustained.
Bibb for appellant, Hardin for appellee.
The decree must be affirmed with cost.

Absent, Judge Rowan.